Law Library



FILED
SUPERIOR COURT
OF GUAM

2009 APR 29 PM 2: 18

CLERK OF COURT
BY:_____

**IN THE SUPERIOR COURT
OF GUAM**

PEOPLE OF GUAM,                )   Criminal Case No. CF0593-07
                              )
            Plaintiff,         )
                              )
    v.                         )   **DECISION AND ORDER**
                              )   re: Motion to Suppress
TIMOTHY C. ADVINCULA,          )
                              )
            Defendant.         )
_____)

This matter came before the Honorable Judge Michael J. Bordallo on March 12, 2009. The People were represented by Assistant Attorney General Dianne H. Corbett. Defendant was represented by Attorney Jane L. Kennedy. Having reviewed the memorandum and papers presented, the court now issues the following decision denying Defendant's motion to suppress.

## BACKGROUND

On December 11, 2007, Defendant was indicted for the Possession of a Schedule II Controlled Substance, a Third Degree Felony. On May 1, 2008, the Defendant filed a two page combined, notice of motion, motion and memorandum of points and authorities, requesting that the evidence in Defendant's case be suppressed. The grounds for Defendant's motion was summarized by the Defendant with one sentence. Its memorandum of points of authorities consisted of three sentences.

## DISCUSSION

The People, in opposition to Defendant's motion to suppress, argue that Defendant's motion should be denied because its is not sufficiently specific. The Defendant's did not file a written Reply in opposition to the People's motion. In Guam criminal motions are regulated by Section 1.27 of Title 8 of the Code of Criminal Procedure. 8 Guam Code Ann. § 1.27 (2008). It provides,



> An application to the court for an order shall be by motion. A motion other than one made during a trial or hearing shall be in writing unless the court permits it to be made orally. It shall state the grounds upon which it is made and shall set forth the relief or order sought. It may be supported by affidavit.

*Id.*

In the federal circuits, motions to suppress are reviewed under the following standard: "[a] defendant seeking an evidentiary hearing on a motion to suppress must provide sufficient information 'to enable the court to conclude that a substantial claim is presented and that there are disputed issues of material fact which will affect the outcome of the motion.'" *U.S. v. Juarez*, 454 F.3d 717, 720 (7th Cir. 2006)(internal citations omitted); see *U.S. v. Sandoval*, 390 F.3d 1294, 1300 (10th Cir. 2004)(a motion to suppress "must raise factual allegations that are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact . . . are and issue"); see also *U.S. v. Wilson*, 7 F.3d 828, 834 (9th Cir. 1993)(a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in issue. . . . A hearing is not required if the grounds for suppression consist solely of conclusory allegations of illegality).

Applying this standard to a warrantless search of a defendant's apartment, the Eleventh Circuit Court held that despite stating that the search of defendant's residence was done without a warrant or valid waiver, the defendant's motion was insufficient. *U.S. v. Richardson*, 764 F.2d 1514, 1528 (11th Cir. 1985). The court explained that, "the motion stated little about the particulars of this search, mentioning only that the search was warrantless and without probable cause . . . . [n]either did it describe the scope of the search carried out by the agents or the circumstances of the 'consent' alluded to in the motion." *Id.*

It held that "[g]iven the nearly complete lack of factual allegations in the motion and supporting materials filed by Reinaldo Crespo-Diaz, the trial court did not abuse its discretion in denying the motion and refusing to hold an evidentiary hearing." *Id.*

In this case Defendant's motion also fails to meet the minimal burden of sufficiency required of any motion to suppress. Defendant's motion does not describe the alleged offense, the date of the alleged offense, the location of the search, or the scope of the search. Although as described by the Eleventh Circuit and the California Supreme Court the burden of sufficiency, especially in a warrantless search, is low, Defendant in this case fails to provide sufficient facts to meet that burden. *Richardson*, 764 F.2d 1514, 1528; *People v. Williams*, 973 P.2d 52, 59 (Cal. 1999).

## CONCLUSION

For the reasons above Defendant's motion to suppress is denied.

SO ORDERED this 29 day of April 2009.

_____
Honorable Michael J. Bordallo
Judge, Superior Court of Guam



I do hereby certify that the foregoing is a true and correct copy of the original on file in the Office of the clerk of the Superior Court of Guam

APR 2 9 2009

_____
John T. Cruz
Deputy Clerk, Superior Court of Guam